UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAMDUAN KERDNIYOM, on behalf of herself,
individually, and all similarly situated employees,

                        Docket No.:

              Plaintiff,

                        **COMPLAINT**

      -against-

NY DESSERT & DRINKS, INC. d/b/a BAMBU,

              Defendant.
------------------------------------------------------------------------X

      Plaintiff, LAMDUAN KERDNIYOM, on behalf of herself, individually, and all other similarly situated persons, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, NY DESSERT & DRINKS, INC. d/b/a BAMBU, alleges as follows:

## NATURE OF THE CLAIM

      1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, for failure to issue timely payment of wages pursuant to NYLL § 191, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon her hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

      2.     Plaintiff brings this lawsuit against the Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of

1

all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq.*, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. At all relevant times, Plaintiff LAMDUAN KERDNIYOM ("Plaintiff" or "Kerdniyom") is a resident of the County of Suffolk, State of New York.

6. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

7. At all relevant times, Defendant NY DESSERT & DRINKS, INC. d/b/a BAMBU ("Defendant" or "Bambu") is and was a domestic business corporation with its principal place of business at 2350 Nesconset Highway, Stony Brook, New York 11790.

8. At all relevant times, Defendant Bambu was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, including many international ingredients sourced from outside the country, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, and other tools and equipment, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

9.  At all relevant times, Defendant Bambu was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

## FACTS

10.  Defendant is a company that serves bubble tea, juice drinks, smoothies and a variety of Vietnamese cuisine at its restaurant, located at 2350 Nesconset Highway, Stony Brook, New York 11790.

11.  Plaintiff commenced her employment in or about June 2016 as a prep cook and kitchen employee, a position that she held until on or about September 19, 2021.

12.  From the beginning of her employment until in or about late 2017 or early 2018, Plaintiff regularly worked six or seven days per workweek. During this period, Plaintiff regularly worked on Monday through Sunday or on Tuesday through Sunday from 10:00 a.m. until 9:00 p.m., without being afforded a meal break. Accordingly, during this period, Defendant required Plaintiff to work, and Plaintiff did regularly work, between 66 and 77 hours, or sometimes more, each workweek.

13.  From in or about late 2017 or early 2018 until her employment ended on September 19, 2021, Plaintiff regularly worked six days per workweek. During this period, Plaintiff regularly worked on Tuesday through Sunday from 10:00 a.m. until between 8:00 p.m. or 8:30 p.m., without

3

being afforded a meal break. Accordingly, during this period, Defendant required Plaintiff to work, and Plaintiff did regularly work, between 60 and 63 hours, or sometimes more, each workweek.

14. Throughout her employment, Defendant paid Plaintiff a straight-time, regular hourly rate of pay for all of her hours worked, regardless of her number of hours worked each workweek.

15. Despite being required to regularly work in excess of forty hours during her workweeks, Defendant failed to pay Plaintiff her statutorily mandated overtime rate of pay of one and one-half times the applicable minimum wage rate or her regular hourly rate of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

16. Plaintiff also regularly worked daily shifts that exceeded ten hours per day from its start to its finish. However, Defendant failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

17. Throughout her employment, Defendant paid Plaintiff her wages earned by both check and cash for each pay period.

18. Throughout her employment, Defendant paid Plaintiff her wages earned for her first forty hours of work by check on a bi-weekly basis.

19. Throughout her employment, Defendant paid Plaintiff her remaining wages earned for her hours worked in excess for forty hours at her straight-time, regular hourly rate of pay in cash on a weekly basis.

20. Defendant was required to pay Plaintiff, who qualifies as a manual worker, weekly and not later than seven calendar days after the end of the week in which her wages were earned. Because Defendant instead paid Plaintiff a portion of her wages by check on a bi-weekly basis, Defendant failed to pay Plaintiff those wages earned weekly and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

21. Throughout her employment, Plaintiff performed non-exempt, manual duties, including but not limited to preparing food, cooking food, chopping, stirring and mixing food, lifting food, ingredients, and kitchen utensils, cleaning the kitchen and restaurant, and engaging in long periods of standing, walking, lifting, and bending.

22. Throughout her employment, Plaintiff and FLSA Collective Action Plaintiffs regularly performed these manual tasks during the majority of their hours worked and, therefore, Plaintiff and FLSA Collective Action Plaintiffs spent more than twenty-five percent of their hours worked each week performing such manual tasks.

23. Plaintiff and FLSA Collective Action Plaintiffs are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

24. Each time that Plaintiff and FLSA Collective Action Plaintiffs received late compensation for the work that they performed, Defendant underpaid them for the work that they performed.

25. Each time that Defendant failed to pay Plaintiff and FLSA Collective Action Plaintiffs their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to him. As a result, Plaintiff and FLSA Collective Action

Plaintiffs were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy.

26. By way of example, these delayed wages prevented Plaintiff and FLSA Collective Action Plaintiffs from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

27. By Defendant's failure to pay Plaintiff and FLSA Collective Action Plaintiffs their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and FLSA Collective Action Plaintiffs lost the time value of money.

28. Additionally, Defendant's delayed payment of wages forced Plaintiff and FLSA Collective Action Plaintiffs to forgo purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever increasing scourge throughout the Covid-19 pandemic and recent events, Plaintiff and FLSA Collective Action Plaintiffs were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

29. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and FLSA Collective Action Plaintiffs. For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase food, ingredients, and other goods and services, pay rent or mortgages on its restaurant's facility, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

30. Defendant's failure to timely pay wages earned caused Plaintiff and FLSA Collective Action Plaintiffs to suffer the same or similar harms.

31. Defendant failed to provide Plaintiff with a proper notice and acknowledgement of her wage rate upon her hire as required by NYLL § 195(1).

32. Defendant failed to provide Plaintiff with accurate wage statements indicating her correct wages earned, including, *inter alia*, her overtime rates of pay, correct number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, amount of tips received, deductions, or net pay, and also omitted all compensation earned that was paid by cash, for each pay period as required by NYLL § 195(3).

33. Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff at her correct overtime rate of pay, failing to pay Plaintiff spread of hours compensation, by failing to record Plaintiff's wages paid by cash, and by paying Plaintiff her hours worked in excess of forty at her straight-time, regular rate of pay in cash to mask Defendant's intentional and unlawful failure to pay proper overtime compensation.

34. Defendant treated and paid Plaintiff and FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

35. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime compensation for hours worked in excess of forty (40) hours each week.

36. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as her own interests in bringing this action.

37. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendant as a non-exempt, hourly paid employee and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

38. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime compensation in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendant.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

39. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

41. Defendant's violations of the FLSA have been willful and intentional.

42. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

43. As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

44. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

45. Defendant employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

46. By Defendant's failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours

9

per week, Defendant violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

47. Defendant's violations of the NYLL have been willful and intentional.

48. Due to Defendant's violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendant unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

49. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

50. Defendant failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day that their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

51. Defendant's failure to pay spread-of-hours compensation was willful and intentional.

52. For the foregoing reasons, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191)

53. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

54. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, were manual workers as defined by the NYLL.

55. Defendant was required to pay the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, their compensation on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

56. Defendant paid Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, a portion of their compensation by check on a bi-weekly basis.

57. Thus, Defendant failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, certain wages earned on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

58. Defendant's violations of the NYLL have been willful and intentional.

59. Due to Defendant's violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees, costs of this action, and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

60. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendant failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information in their primary language – or at all – as required by NYLL § 195(1).

62. Due to Defendant's failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SIXTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

63. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. Defendant failed to provide Plaintiff, and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their proper overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, deductions, and net pay, and also omitted all compensation earned that was paid by cash, for each pay period as required by NYLL § 195(3).

65. Due to Defendant's failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendant from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv. Awarding unpaid wages, including overtime and spread of hours wages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

v. Awarding damages pursuant to NYLL § 195(1), (3);

vi. Awarding damages pursuant to NYLL §§ 191, 198;

vii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

viii. Awarding pre- and post-judgment interest as permitted by law;

ix. Awarding attorneys' fees incurred in prosecuting this action;

x. Awarding all costs and expenses incurred in prosecuting this action; and

    xi.    Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
October 17, 2022

        LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: _____
DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.