UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAMDUAN KERDNIYOM, on behalf of herself,
individually, and all similarly situated employees,

                                                                             Docket No.: 22-cv-06268
                                                                             (JMA) (JMW)

                            Plaintiff,

       -against-

NY DESSERT & DRINKS, INC. d/b/a BAMBU,

                            Defendant.
------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

       This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff Lamduan Kerdniyom ("Plaintiff") on the one hand, and NY Dessert & Drinks, Inc. d/b/a Bambu ("Defendant" and, collectively with Plaintiff, the "Parties"), on the other hand.

       **WHEREAS**, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, styled as Lamduan Kerdniyom*, on behalf of herself, individually, and all similarly situated employees v.* NY Dessert & Drinks, Inc. d/b/a Bambu, E.D.N.Y. Docket No. 22-cv-06268 (JMA) (JMW), alleging, among other things, violations of federal and state wage and hour laws pertaining to overtime compensation, failure to pay spread of hours compensation, failure to timely pay wages earned, state record-keeping requirements; and

       **WHEREAS**, Defendant denies Plaintiff's allegations, including but not limited to any violation of federal and state wage and hour and overtime laws; and

       **WHEREAS**, the Parties desire to fully and finally resolve all disputes between them without the necessity of further litigation; and

       **WHEREAS**, the Parties jointly assert that this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendant's defenses and of the *bona fide* dispute between the Parties;

       **WHEREAS**, the Parties further jointly assert that this Agreement is fair, reasonable, and adequate, particularly in light of the *bona fide* dispute regarding the applicability of an alleged exemption to Plaintiff's claim for unpaid overtime compensation, the number of hours worked by Plaintiff on a number of dates during her employment and other issues of fact and law that exist, the expense of litigation, and the uncertainty surrounding what relief Plaintiff may or may not be able to obtain through further litigation;

1

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

1. **Consideration:**

In consideration of the covenants and promises herein contained and other good and valuable consideration, including the release of all wage and hour claims against the Defendant as set forth in Paragraph 5 below, it is hereby agreed that the Defendant will provide Plaintiff with a settlement payment totaling $35,000.00, and payable in thirteen (13) separate payments, of which Plaintiff's counsel shall receive $11,994.66, consisting of attorneys' fees in the amount of $11,502.66 and reimbursement for litigation costs and expenses in the amount of $492.00, as follows:

   a. On or before the date fourteen (14) days after the settlement is approved and the case is dismissed with prejudice (the "Lump Sum Payment Date"), and provided that Plaintiff delivers to Defendant W-4 and W-9 forms for Plaintiff and a W-9 form for Plaintiff's counsel to Defendants' counsel, Defendant shall tender a single initial payment (the "Initial Lump Sum Payment") as follows:

      1. the sum of Two Thousand, Four Hundred and Sixty-Four Dollars and Eighty-Six Cents ($2,464.86), to Plaintiff Lamduan Kerdniyom, which shall represent Plaintiff's alleged lost wages and shall be subject to applicable withholdings and/or deductions, for which the Defendant shall issue Plaintiff an IRS Form W-2 with respect such payments;

      2. the sum of Two Thousand, Four Hundred and Sixty-Four Dollars and Eighty-Six Cents ($2,464.86), to Plaintiff Lamduan Kerdniyom, which shall represent alleged statutory penalties and liquidated damages, and shall not be subject to any withholdings or deductions, for which the Defendant shall issue Plaintiff an IRS Form 1099 with respect such payments; and

      3. the sum of Two Thousand, Five Hundred and Seventy Dollars and Twenty-Eight Cents ($2,570.28), to the Law Office of Peter A. Romero PLLC, representing alleged attorney's fees and costs. Defendant shall issue the Law Office of Peter A. Romero PLLC an IRS Form 1099 with respect to such payments.

   b. Thereafter, Defendant shall issue payment for twelve (12) Monthly Installment Payments, commencing thirty (30) days after the Initial Lump Sum Payment is due, with each subsequent Monthly Installment Payment due every thirty (30) days after the preceding initial payment, as follows:

      1. Eleven payments in the sum of Seven Hundred and Fifty-Three Dollars and Fifteen Cents ($753.15) and one payment in the sum of Seven Hundred and Fifty-Three Dollars and Sixteen Cents ($753.16) to Plaintiff Lamduan Kerdniyom, which shall represent

        alleged lost wages and shall be subject to applicable withholdings and/or deductions, for which the Defendant shall issue Plaintiff an IRS Form W-2 with respect such payments;

2. Eleven payments in the sum of Seven Hundred and Fifty-Three Dollars and Fifteen Cents ($753.15) and one payment in the sum of Seven Hundred and Fifty-Three Dollars and Sixteen Cents ($753.16) to Plaintiff Lamduan Kerdniyom, which shall represent alleged statutory penalties and liquidated damages, and shall not be subject to any withholdings or deductions, for which the Defendant shall issue Plaintiff an IRS Form 1099 with respect such payments; and

3. Six payments in the sum of Seven Hundred and Eighty-Five Dollars and Thirty-Six Cents ($785.36) and six payments the sum of Seven Hundred and Eighty-Five Dollars and Thirty-Seven Cents ($785.37) to the Law Office of Peter A. Romero PLLC, representing attorney's fees and costs. Defendant shall issue the Law Office of Peter A. Romero PLLC an IRS Form 1099 with respect to such payments.

    c.    This payment schedule shall not be altered or delayed, such that in the event that Defendant fails to make a payment but timely cures its default or continues to fail to remedy their default, subsequent payments shall be due based on the payment schedule as if any installment payment was not paid late.

    d.    All checks shall be made payable to "Lamduan Kerdniyom" and the "Law Office of Peter A. Romero PLLC" in their respective amounts and shall be delivered to the Law Office of Peter A. Romero PLLC, 490 Wheeler Road, Suite 250, Hauppauge, New York 11788.

2. **Tax Indemnification**:

Plaintiff agrees that she is solely responsible for any applicable taxes, penalties, interest, or other amounts due in connection with the payments in Paragraphs 1(a)(2) and 1(b)(2) and shall indemnify the Defendant and hold Defendant harmless for any taxes, penalties, or interest that Defendant becomes required to pay on her behalf related to this payment.

3. **Confession of Judgment:**

Concurrently with the execution of this Agreement, Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang shall provide Plaintiff's counsel with a fully executed Affidavit of Confession of Judgment in the amount equal to Seventy Thousand Dollars ($70,000.00), less the amount of payments previously made, in the form attached as Exhibit B, bearing original signatures, which shall be held in escrow by Plaintiff's counsel.

In the event Defendant defaults in any of the payments required under Paragraph 1 of this Agreement, either in whole or a portion of a payment, Plaintiff shall provide written notice via

email and first-class mail to Defendant's counsel, Taimur Alamgir, Esq., located at Kaufman Dolowich Voluck, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, and email at talamgir@kdvlaw.com, of her intent to file the Affidavit of Confession of Judgment. The notice shall be deemed received upon sending the required email and mailing via first class mail. Defendant will have fourteen calendar (14) days to remedy their default before Plaintiff files the Affidavit of Confession of Judgement against Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang, crediting Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang for any payments made.

Defendant shall be entitled to cure a default in their payments a maximum of two times pursuant to a notice to cure. In the event of a third default in their payments (i.e. another default after Defendant were previously sent a notice to cure regarding a default and subsequently remedied their default with respect to two separate payments at any time during the payment schedule), Plaintiff shall be entitled to file the Affidavit of Confession of Judgement against Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang, crediting Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang for any payments made, without being required to send a notice to cure and without notice to Defendant or Damion Hoang. Upon complete satisfaction of all payments set forth in Paragraph "1," the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiff's counsel will either return the Affidavit of Confession of Judgment to Defendant's counsel or destroy the original and retain no copies of same.

4. **Withdrawal of Claims**:

Plaintiff represents that she has not filed any other lawsuit or any other wage and hour proceeding against the Defendant, except the Litigation released herewith. Plaintiff further promises and represents that she will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's employment with any of the Releasees, filed with any federal, state and/or local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiff further agrees that she will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations or any retaliation that took place at any time, from the beginning of time until the date of this Agreement, as she acknowledges no known valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that she will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

5. **Acknowledgement of Sufficient Consideration:**

Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights,

claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified for Wage and Hour Violations.

6. **Acknowledgement That No Further Remuneration Is Owed:**

Plaintiff further acknowledges that aside from the payments set forth in Paragraph 1 of this Agreement, she is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

7. **Settlement Approval and Dismissal:**

The Parties shall work together in good faith to file a motion seeking the Court's approval of this Agreement. Within three (3) days of settlement approval, Plaintiff's counsel shall sign a Stipulation of Dismissal With Prejudice as to Plaintiff's claims in the form annexed hereto as **Exhibit A** and deliver the same to Defendant's counsel. This stipulation of dismissal shall not be required in the event that the Court issues an Order dismissing Plaintiff's claims with prejudice when resolving the parties' motion for approval of Plaintiff's FLSA claims.

8. **Release and Covenant Not To Sue:**

In consideration for the foregoing, the Plaintiff, on behalf of herself and her dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably waive, release and forever discharge the Defendant as well as Defendant's predecessors, successors, parent companies, holding companies, affiliated entities and subsidiaries, current and former owners (including Damion Hoang), managers, supervisors, directors, administrators, officers, employees, shareholders, accountants, attorneys, insurers and insurance carriers, reinsurers, and agents, including but not limited to, each of the their respective heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by Defendant, anyone deemed by Plaintiff to be an "employer" during her alleged employment with Defendant (all of the foregoing persons and/or entities are hereinafter collectively referred to jointly and severally as "Releasees"). from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff as well as her heirs, executors, administrators, agents, successors, and assign have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for any claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid tips, improper deductions, unpaid spread of hours, liquidated damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions), and claims of retaliation in relation to the payment of wages. This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action.

9. **No Admission of Wrongdoing:**

This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

10. **Acknowledgments:**

Plaintiff acknowledges that she has been fully and fairly represented by counsel in this matter. This Agreement has been entered into without force or duress. The Parties' decision to enter into this Agreement is a fully informed decision and the Parties are aware of all legal and other ramifications of such decision.

Defendant acknowledges that it has consulted with counsel for the purpose of this Agreement. Plaintiff and Defendant acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.

Plaintiff further acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest in her purported claims. Plaintiff further acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claims she could assert and that there are no other persons or entities with standing to bring any plausible legal claims that were asserted, or could have been asserted by Plaintiff. To the extent any other person or entity seeks any damages and/or asserts any claims against any of the Releasees based on any contract entered into by Plaintiff with any of the Releasees, or with respect to any Releasee or Releasees, Plaintiffs agree to indemnify Releasees and hold Releasees harmless in full. Nothing in this settlement agreement precludes Plaintiff from bringing claims arising out of this agreement, such as claims for breach of contract, or any other claims or actions to enforce this settlement agreement.

11. **Governing Law and Interpretation:**

This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, except for the release provision, and then the remainder of this Agreement will remain in full force and effect. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and, if the Eastern District of New York declines to accept jurisdiction, the Supreme Court of the State of New York, Counties of Nassau and Suffolk, in any subsequent proceeding to enforce this Agreement. Subject to the Court's approval, the presiding Court shall retain jurisdiction to enforce this Agreement.

12. **Breach:**

In the event of a breach by any party of any provision, as determined by a court of competent jurisdiction in any action or proceeding to enforce this Agreement, the prevailing party

in any such action shall be entitled to costs and disbursements and reasonable attorneys' fees related to such an action. As such, the prevailing party shall be permitted to make an application to the court of competent jurisdiction for costs and disbursements and reasonable attorneys' fees, which shall be awarded in amounts deemed appropriate by the court. The prevailing party in such a dispute shall also be entitled to recover their reasonable attorneys' fees, costs, and disbursements related to preparing and filing their application for attorneys' fees and costs.

13. **Interpretation:** This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole, or because any language is deemed ambiguous.

14. **Sole and Entire Agreement:** This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings whether oral or written which may have existed between the parties. There are no representations, warranties, understandings or agreements other than those expressly set forth in this Agreement.

15. **Modifications:** This Agreement may not be modified, altered or changed except by a writing signed by all parties, or as described in Paragraph above.

16. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission or via electronic mail.

**IN WITNESS WHEREOF**, Plaintiff and Defendant have duly executed this Settlement and Release Agreement freely and voluntarily.

**Plaintiff**

Dated:       July 24 2023

_____
LAMDUAN KERDNIYOM

Dated: July 30, 2023

NY Dessert & Drinks, Inc. d/b/a Bambu

By: Damion Hoang

Title: Owner

8

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAMDUAN KERDNIYOM, on behalf of herself,
individually, and all similarly situated employees,

                                      Plaintiff,

        -against-

NY DESSERT & DRINKS, INC. d/b/a BAMBU,

                                     Defendant.
------------------------------------------------------------------------X

Docket No.: 22-cv-06268
(JMA) (JMW)

## STIPULATION OF DISMISSAL

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, subject to the So Ordering of this stipulation, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

    **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: August 11, 2023

ROMERO LAW GROUP PLLC
*Attorneys for Plaintiff*

_____
David D. Barnhorn, Esq.
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

Dated: August 11, 2023

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*

_____
Taimur Alamgir, Esq.
Aaron Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Tel.: (516) 681-1100

**SO ORDERED:**

_____
Hon. Joan M. Azrack

1

**Exhibit B**

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                                              )ss:
COUNTY OF _____ )

Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang, being duly sworn, deposes and says:

1. Defendant NY Dessert & Drinks, Inc. d/b/a Bambu resides at and has its principal place of business at _____.

2. Damion Hoang resides at _____
_____.

3. Defendants NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang (collectively as "Defendants") are all signatories to and bound by a Settlement Agreement entitled Settlement Agreement and Release, dated as of July __, 2023 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession against Defendant NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang in the event of a default in the payments due thereunder, and if such default is not cured.

4. NY Dessert & Drinks, Inc. d/b/a Bambu, and any future successors in interest and Damion Hoang, jointly and severally, hereby confesses judgment in favor of Plaintiff Lamduan Kerdniyom (the "Plaintiff"), for the sum of Seventy Thousand Dollars and Zero Cents ($70,000.00), less the amount already paid under Paragraph 1 of the Settlement Agreement, and hereby authorizes the Plaintiff to enter judgment for that sum, against the Defendant.

5. This Confession of Judgment is for a debt justly due to Plaintiff arising out of the following facts.

11

      a. Plaintiff initiated an action in the United States District Court, Eastern District of New York, Docket No.: 22-cv-06268 (JMA) (JMW), alleging, *inter alia*, violations under the Fair Labor Standards Act and the New York State Labor Law (the "Federal Action");

      a. By the terms of the Settlement Agreement, the Defendants, jointly and severally, promise to pay Plaintiff the sum of Seventy Thousand Dollars and Zero Cents ($70,000.00), less the amount already paid under Paragraph 1 of the Settlement Agreement.

7. This Affidavit for Judgment by Confession shall be held in escrow by Plaintiff's attorney, Peter A. Romero, Esq. and not entered unless and until a default has occurred hereunder, and fourteen (14) days' written notice in the event of a Default to Taimur Alamgir, Esq. via USPS first class mail to Kaufman Dolowich Voluck, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, and via email at talamgir@kdvlaw.com, has been given, and such default having not been cured.

8. The Defendants understand that a failure to make any required payment or any portion of such required payment will result in a default and if the default is not cured within fourteen (14) days' written notice, as described above, that this confession of judgment will be entered in the clerk's office without further notice, with the Defendants being credited for the total amount of any payments having already been made pursuant to Paragraph 1 of the Settlement Agreement.

9. The Defendants understand that they shall be entitled to cure a default in their payments a maximum of two times pursuant to a notice to cure. In the event of a third default in their payments (*i.e.* another default after Defendants were previously sent a notice to cure regarding

a default and subsequently remedied their default with respect to two separate payments at any time during the payment schedule), Plaintiff shall be entitled to file the Affidavit of Confession of Judgment against NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang, crediting NY Dessert & Drinks, Inc. d/b/a Bambu and Damion Hoang for any payments made, without be required to send a notice to cure and without notice.

10. Upon payment in full of all sums due to Plaintiff, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

11. This Confession of Judgment is not for the purpose of securing the Plaintiff against a contingent liability.

NY Dessert & Drinks, Inc. d/b/a Bambu

By: _____

Name: Damion Hoang

Title: President

Dated: July 31, 2023

On 8 August, 2023, before me personally came Damion Hoang, on behalf of NY Dessert & Drinks, Inc. d/b/a Bambu, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

DREW D. CASS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6298761
Qualified in Suffolk County
Commission Expires 17 March 2026

13

By: _____
DAMION HOANG

Dated: July 31, 2023

On 8 August, 2023, before me personally came Damion Hoang, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

DREW D. CASS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6298761
Qualified in Suffolk County
Commission Expires 17 March 2026

14